**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Alberto Sandoval-Enciso, | No. CV-26-03726-PHX-DWL (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

This is a habeas corpus action under 28 U.S.C. § 2241.  The relevant facts are as follows.  Petitioner is a native and citizen of Mexico who entered the United States without inspection as a young child in 2001.  (Doc. 1 ¶ 21; Doc. 1-1 at 9; Doc. 6-2 ¶ 5.)  In 2016, Petitioner successfully applied for Deferred Action for Childhood Arrivals ("DACA").  (Doc. 1 ¶ 21; Doc. 6-2 ¶ 5.)  Additionally, in 2018, 2020, 2022, and 2024 Petitioner successfully applied for two-year DACA extensions.  (Doc. 6-2 ¶¶ 9, 11.)  The most recent extension is "Valid from: 02/13/2025 to 02/12/2027."  (Doc. 1-1 at 21.)

In 2019, Petitioner was charged with various state-law crimes.  (Doc. 1 ¶ 22; Doc. 6-2 ¶ 6.)  As a result, Petitioner was issued a notice to appear and placed in removal proceedings.  (Doc. 1-1 at 3-5.)  In December 2019, an immigration judge ("IJ") granted Petitioner's request to be released on bond.  (Doc. 1 ¶ 23.)  Under the release order, Petitioner was required to post a $40,000 bond and attend weekly check-ins with DHS.  (Doc. 1-1 at 12.)  In 2024, while still out of custody on bond, Petitioner moved to dismiss the pending removal proceeding.  (Doc. 1-1 at 14.)  On November 25, 2024, Petitioner's

motion to dismiss was granted.  (*Id.*)

On April 6, 2026, Petitioner was arrested by the El Mirage Police Department and charged with various state-law offenses.  (Doc. 6-2 ¶ 8.)  Petitioner was ultimately convicted of disorderly conduct. (Doc. 1 ¶ 24.)  On April 28, 2026, upon his release from state custody, Petitioner was taken into immigration custody.  (Doc. 1 ¶ 25; Doc. 6-2 ¶ 10.)  On May 2, 2026, Petitioner was issued a notice to appear for removal proceedings, which charged him with being "an alien present in the United States who has not been admitted or paroled." (Doc. 1-1 at 16-18; Doc. 6-2 ¶ 13.)  On May 4, 2026, United States Citizenship and Immigration Services ("USCIS") issued a notice of intent Petitioner's DACA status. (Doc. 6-2 ¶ 11.)

Petitioner's primary argument is that it was improper for ICE to detain him April 2026 without first providing him with a pre-deprivation hearing before a neutral decisionmaker. (Doc. 1 ¶¶ 65-75.)  This argument lacks merit.  In *Singh v. Unknown Party*, 2026 WL 1839137 (D. Ariz. 2026), this Court recently addressed a similar issue—whether an alien who was originally released from immigration custody pursuant to an "Order of Release on Recognizance," which is also known as Form I-220A, was entitled to a pre-deprivation hearing before being redetained.  The Court rejected that claim, noting that "there is no statute or regulation that entitles [an alien] to a pre-deprivation hearing before he may be detained following his release from immigration custody" and further concluding that there is no constitutional right to such a hearing, in part because "[t]he risk of an erroneous deprivation is . . . undermined by the fact that the regulations allow a noncitizen to appeal the revocation of bond and re-detention to an immigration judge, and, if requested, to the BIA. . . .   These subsequent procedures serve to ensure that the Government's decision to revoke a noncitizen's bond is not arbitrary or capricious . . . and does not pose a substantial risk of erroneous deprivation." *Id.* at *2-4 (cleaned up).  Here, similarly, Petitioner has not identified any statute or regulation that entitles him to a pre-deprivation hearing in this circumstance.  Moreover, as explained in later portions of this order, Petitioner has a right to a post-detention bond hearing.  Finally, there was an obvious

explanation for the decision to redetain Petitioner in April 2026—his recent arrest and conviction for committing a new state-law criminal offense.  Given this backdrop, there is no basis for interpreting the Due Process Clause of the Fifth Amendment as creating a right to a pre-deprivation hearing (which, again, Congress has declined to create).

Petitioner also raises, albeit with less than ideal clarity, a broader challenge to his immigration detention that does not hinge on his claimed entitlement to a pre-deprivation hearing.  (Doc. 1 ¶¶ 58-64.)  This challenge seems to be based on Petitioner's contentions that "ICE has refused to set bond, and Petitioner is unable to obtain review of his custody by an Immigration Judge" (*id.* ¶ 14) and that "[f]ollowing Petitioner's arrest and transfer to the Eloy Detention Center, ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions" (*id.* ¶ 28).  To the extent these allegations are intended to support a claim that Petitioner is entitled to a post-detention bond hearing, the Court agrees.  The most recent notice to appear that was issued to Petitioner makes clear that he is being detained under 8 U.S.C. § 1226(a), not § 1225(b)(2).  (Doc. 1-1 at 16-18.)  As the Ninth Circuit recently confirmed, aliens being detained under § 1226(a) have a right to a bond hearing.  *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. 2026).

For what it's worth, it doesn't appear that Respondents dispute Petitioner's entitlement to a bond hearing.  Instead, they seem to contend that Petitioner has simply failed to request a bond hearing. (Doc. 6 at 7 ["Petitioner is not entitled to a pre-deprivation hearing, but because he was previously released from detention pursuant to 8 U.S.C. § 1226(a), Petitioner appears to be eligible to request a bond hearing at any time."].)[1] Although this assertion is difficult to reconcile with the allegation in the petition that Petitioner was "unable to obtain review of his custody by an Immigration Judge" (Doc. 1 ¶ 14), it is ultimately unnecessary to resolve any factual dispute over this issue.  The Court

---

[1]    Given this concession by Respondents, it is confusing why Petitioner contends, in his reply, that "Respondents argue Petitioner is not afforded the same Due Process protections because he is an arriving alien, and that 8 U.S.C. § 1225(b)(1)(B)(ii) mandates Petitioner's detention. . . .  Petitioner is not an arriving alien, and his detention squarely falls under § 1226(a)."  (Doc. 7 at 2-3.)

- 3 -

will simply clarify that Petitioner is entitled to a bond hearing—a proposition that Respondents concede is accurate.

Accordingly,

**IT IS ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part and denied in part** as described herein.

2. Respondents must release Petitioner or provide him a bond redetermination hearing within seven (7) calendar days of this Order unless Petitioner requests a continuance, in which case Respondents must notify the Court and provide the continued date for the bond hearing. Petitioner—including any counsel—must be given at least two days' notice of the bond hearing.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner or providing Petitioner a bond hearing. If applicable, that notice must include the result of the bond hearing.

4. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 13th day of August, 2026.

Dominic W. Lanza
United States District Judge